IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHERINE THOMAS                                                    PLAINTIFF

     v.                          CIVIL NO. 5:16-CV-5031

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                      DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Katherine Thomas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current application for SSI on October 2, 2012, alleging an inability to work since October 1, 2011,[2] due to the following conditions: diabetes, high blood pressure, constant pain, anxiety, depression, and kidney problems. (Doc. 11, pp. 80-81). An administrative hearing was held on February 26, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 11, pp. 41-77).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the hearing held before the ALJ, Plaintiff's counsel moved to amend the disability onset date to October 2, 2012, the date of her application. (Doc. 11, p. 45).

1

In a written opinion dated July 3, 2014, the ALJ found that the Plaintiff had severe impairments of diabetes mellitus, chronic kidney disease, hypertension, obesity, history of sciatica, history of syncope, depressive disorder not otherwise specified (NOS), and anxiety disorder. (Doc. 11, p. 25). After reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Doc. 11, pp. 25-27). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except she is limited to occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; and no climbing of ladders, ropes, or scaffolds. She must avoid concentrated exposure to hazards, including no driving as part of work. The claimant is further able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required is simple, direct, and concrete.

(Doc. 11, p. 27). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform her past relevant work, she could perform work as a machine tender or an inspector. (Doc. 11, p. 34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied her request on October 8, 2015. (Doc. 11, pp. 11-14). Subsequently, Plaintiff filed this action on February 10, 2016. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have submitted briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the transcript in its entirety. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff makes the following arguments on appeal: 1) the ALJ erred in not finding that Plaintiff's diabetic neuropathy and degenerative disc disease were severe impairments; 2) the ALJ erred in determining an RFC assessment of light work; and 3) the ALJ erred in giving little weight to Plaintiff's treating primary care provider. (Doc. 12, pp. 1-11).

#### A. Plaintiff's Impairments:

Plaintiff argues that the ALJ erred in failing to find that Plaintiff's diabetic neuropathy and degenerative disc disease were medically determinable and met severity. At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 416.920(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than

4

a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923(c) (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

With regard to Plaintiff's alleged diabetic neuropathy and degenerative disc disease, after reviewing the record, the Court finds that substantial evidence supports the ALJ's findings. The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### B.   Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and

aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the time period in question, Plaintiff was able to take care of her of her personal needs, except that on occasion she did not feel like putting on her clothes or showering; care for her toddler-aged granddaughter while the child's mother was at work; get her other grandchildren up in the mornings and walk them to and from the bus stop during the day; prepare meals for her grandchildren; do household chores, including laundry, cleaning, sweeping, mopping, and ironing; shop in stores for food and clothing; enjoy reading, watching television, listening to music, and working on puzzles; and spend time with others. This level of activity belies Plaintiff's complaints of pain and limitation, and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television and driving—were inconsistent with claim of total disability).

With respect to Plaintiff's alleged physical and mental impairments, the record revealed that Plaintiff was treated conservatively for her conditions. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain).

Furthermore, the record reveals that Plaintiff was prescribed numerous medications for her conditions, but at many times during the relevant time period, Plaintiff failed to take her medications as prescribed. (Doc. 11, pp. 534, 544, 549, 561, 569, 577). See Dunahoo v. Apfel, 241 F.3d 1033,1038 (8th Cir.2001) (claimant's failure to follow prescribed course of treatment weighed against credibility when assessing subjective complaints of pain). Moreover, it is noteworthy that Plaintiff had not been to see a doctor during the six months preceding her hearing before the ALJ. (Doc. 11, pp. 73, 569-570). While Plaintiff testified that she was unable to seek treatment for her physical or mental conditions due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

While it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.     The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. See 20 C.F.R. § 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. See 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. See Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In deciding whether a claimant is disabled, the ALJ considers medical opinions along with "the rest of the relevant evidence" in the record. 20 C.F.R. § 416.927(b). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007), citing Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (internal citations omitted).

The SSA regulations set forth how the ALJ weighs medical opinions. The regulations provide that "unless [the ALJ] give[s] a treating source's opinion controlling weight ... [the ALJ] consider[s] all of the following factors in deciding the weight [to] give to any medical opinion": (1) examining relationship; (2) treating relationship; (3) supportability of the opinion; (4) consistency; (5) specialization; and, (6) "any factors [the applicant] or others bring[s] to [the ALJ's] attention." 20 C.F.R. § 416.927(c). The regulations provide that if the

ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [the applicant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in [the applicant's] record,* [the ALJ] will give it controlling weight." Id. at § 416.927(c)(2) (emphasis added).

In finding Plaintiff able to perform light work with exceptions, the ALJ considered Plaintiff's subjective complaints and the medical records of her treating, examining and non-examining physicians. Specifically, the ALJ addressed the relevant medical records, and the medical opinions of treating, examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010, 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In her argument, Plaintiff specifically points to the weight the ALJ gave to the opinion of Randolf Naeger, an Advanced Practice Registered Nurse, and Plaintiff's primary care provider. In this matter, the ALJ reviewed all of Plaintiff's medical records from Nurse Naeger. Further, the ALJ discussed Medical Source Statement completed by Nurse Naeger, including his findings that Plaintiff would need to elevate her feet while sitting; would need to alternate sitting, standing, and reclining as needed during an 8-hour day; would need to take unscheduled breaks; would have good days and bad days; and would miss about four days per month of work. After consideration, the ALJ gave the opinion in the Medical Source Statement little weight and provided the following reasons for doing so: overall, the objective medical

evidence did not support such severe limits; Nurse Naeger failed to cite objective findings that supported the limitations; and Nurse Naeger appeared to be relying on Plaintiff's subjective report of pain, rather than objective findings. (Doc. 11, p. 32).

The ALJ also discussed Dr. Robert C. Karas' consultative examination, which was in connection with a prior application and was prior to the relevant time period in this case. The ALJ noted Dr. Karas' findings that Plaintiff was not taking any medication for her conditions at the time of her exam, and that her examination (including grip strength) was essentially normal, except for reduced strength in her extremities and diminished posterior tibial pulses. Further, the ALJ noted Dr. Karas' conclusion that Plaintiff had only mild limitation in walking.

The ALJ also considered the non-examining medical consultants' opinions and gave them significant weight, as they concluded that Plaintiff was limited to unskilled and light work. The ALJ also considered and gave great weight to examining consultant, Dr. Terry Efird and his mental status evaluations. Nevertheless, after considering all of the evidence, the ALJ found that Plaintiff was more limited physically than was determined by the non-examining medical consultants and incorporated those limitations into the RFC determination. See Brown v. Astrue, 611 F.3d 941, 951-52 (8th Cir. 2010) (The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.).

The ALJ also discussed the fact that the RFC of light work with limitations was supported by Plaintiff's activities of daily living, including her role as primary care-giver for her toddler-aged granddaughter. The ALJ noted that Plaintiff's blood pressure was sufficiently controlled with medication and her other physical conditions of sciatica, syncope, or kidney

disease did not appear to be causing her any significant limitations at the time. The ALJ also noted that Plaintiff's diabetes mellitus, although poorly controlled in the past, showed improvement with medication compliance and new medications. While Plaintiff continued to have complaints of depression and anxiety, Dr. Efird's evaluations indicated there was some symptom exaggeration in her report of symptoms. Dr. Efird also noted that the frequency of reported symptoms was not typical in his experience.

Finally, the ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations, noting that Plaintiff's obesity did not appear to cause her any remarkable limitations and her physicians had not placed any restrictions on her due to her weight. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

Based on a review of the evidence of record, the Court finds substantial evidence to support the ALJ's RFC determination.

### D.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a machine tender or an inspector. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony

from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 5th day of July, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE